STATE OF OKLAHOMA ⎫ SS
COUNTY OF CLEVELAND ⎭
I, TAMMY BELINSON, County Clerk in and for the county and state above named do hereby certify that the foregoing is a true and correct copy of a the instrument now on file in my office WITNESS my hand and official seal this 17th day of May 20 16 @ 1 pm
TAMMY BELINSON, County Clerk
By _____ Deputy    RCVD from Court Clerk Ofc.

IN THE DISTRICT OF CLEVELAND COUNTY
STATE OF OKLAHOMA

1. ROSANNA KITTLES, )
   )
   Plaintiff, )   CJ-16-514 W
   )
v. )   JURY TRIAL DEMANDED
   )   ATTORNEY LIEN CLAIMED
1. CLEVELAND COUNTY, OKLAHOMA, )
   a political subdivision which is sued )
   in the name of the Board of County )
   Commissioners for Cleveland County )
   Oklahoma (a/k/a Cleveland County )
   Sheriff's Office) )

STATE OF OKLAHOMA ⎫ S.S.
CLEVELAND COUNTY ⎭
FILED In The Office of the Court Clerk
MAY 04 2016
DOCKET____ PAGE____ RECORDED
Rhonda Hall, Court Clerk
_____ DEPUTY

## PETITION

**COMES NOW THE PLAINTIFF** and for her causes of action herein alleges:

### PARTIES

1. The Plaintiff is Rosanna Kittles, an adult resident of Cleveland County, Oklahoma.

2. The Defendant is Cleveland County, Oklahoma, a political subdivision which is sued in the name of the Board of County Commissioners for Cleveland County, Oklahoma (a/k/a Cleveland County Sheriff's Office).

### VENUE

3. Plaintiff's claim is for disability discrimination, including retaliation for requesting reasonable accommodations, in violation of the Americans with Disabilities Act (ADA) as set forth in 42 U.S.C. § 12111, *et seq.*; and discrimination on the basis of race for Plaintiff's association with an African American (black) male, and retaliated against for complaining of race discrimination, in violation of Title VII of the Civil Rights Act of 1964. Disability and race discrimination and retaliation also violate the Oklahoma Anti-Discrimination Act.

4. Most of the actions complained of occurred in Cleveland County, Oklahoma and the Defendant is located in Cleveland County. Thus, venue is proper in Cleveland County pursuant to 12 Okla. St. § 133.

## STATEMENT OF FACTS

5. Plaintiff, an adult, Caucasian female, was employed by the Defendant under the title of Detention Officer at the Cleveland County Sheriff's Office until she was terminated around September 10, 2015.

6. Plaintiff worked in the Master Control Room and was responsible for remotely operating most of the doors at the facility.

7. Plaintiff was qualified for her job and performed her job duties satisfactorily.

8. Plaintiff is an individual with one or more actual disabilities in that:

   A. Plaintiff suffers from problems related to the removal of her gallbladder, and liver function, resulting in impairments which, without the ameliorative effects of mitigating measures, substantially impairs one or more major bodily functions including normal cell growth, normal kidney function, normal bladder function, urination and bowel movement.

   B. Plaintiff suffers from impairments related to her right knee resulting from a fall at work and requiring surgery such that, without the ameliorative effects of mitigating measures, substantially impairs a major life activity including Plaintiff's ability to walk and/or stand.

9. Beginning around July, 2015 Plaintiff requested accommodations for her knee related impairments in the form of no stair climbing.

10. Also around July, 2015 Defendant changed its policy that required Plaintiff to be

relieved by another employee before she was able to go to the restroom.

11. Plaintiff reported her gallbladder related medical conditions to the Defendant and requested that Defendant allow another employee to relieve the Plaintiff at her post so that she could use the restroom.

12. Also during Plaintiff's employment she began dating a co-worker, Alan Jackson.

13. Mr. Jackson is an African American (black) male.

14. Plaintiff's supervisors, including Carrie Davis (Chief of Detention)(white) and Rhett Burnett (Undersheriff)(White) disapproved of Plaintiff's inter-racial relationship including telling Plaintiff they did not like her dating the African American co-worker and that it "didn't look good" for the Plaintiff.

15. Around August, 2015 Plaintiff complained to multiple people, including Stephen Davis (Supervisor) and Barbara McSwain (Chief of Detention) that she felt Defendants opposed her relationship with Mr. Jackson because she was white and he was African American.

16. Plaintiff was terminated around September 10, 2015.

17. At the least, motivating factors in the decision to terminate the Plaintiff were her disability(ies), her requests for accommodation, her association with a black male and/or her complaint of race discrimination. One or more of these reasons may also have been significant factors in the termination.

18. As a direct result of Defendant's conduct, the Plaintiff has suffered (and continues to suffer) lost wages (including back, present and future wages along with the value of benefits associated with such wages) and emotional distress/dignitary harm.

19. Plaintiff has exhausted her administrative remedies by timely filing an EEOC charge

of discrimination on September 29, 2015 and amending that charge on November 4, 2015. The EEOC investigated Plaintiff's charge of discrimination for more than 180 days. Plaintiff requested her right to sue letter on May 3, 2016. Additionally, Plaintiff filed a tort claims notice under the Oklahoma Governmental Tort Claims Act on January 7, 2016 and the claims set out in such notice have been investigated for more than ninety (90) days.

## COUNT I

For Plaintiff's first cause of action she incorporates the allegations set forth above and further provides that:

20. Discrimination on the basis of a disability or perceived disability, including retaliation for Plaintiff's requests for accommodation, is contrary to the ADA and the OADA.

21. Under this Count, Plaintiff is entitled to compensation for her lost wages (past, present and future including the value of benefits associated with such wages), emotional distress/dignitary harm damages, attorney fees and costs.

22. Under the OADA Plaintiff is entitled to an award of liquidated damages.

## COUNT II

Plaintiff incorporates the above facts and further alleges:

23. Discrimination on the basis of race (including engaging in an interracial relationship) is a violation of Title VII and the OADA.

24. Under this Count Plaintiff is entitled to compensation for her lost wages (past, present and future including the value of benefits associated with such wages), emotional distress/dignitary harm damages, attorney fees and costs.

25.    Plaintiff is entitled to liquidated damages under the OADA upon a finding of liability.

**WHEREFORE**, Plaintiff respectfully requests this Court enter judgment in her favor and against the Defendants and grant her all compensatory damages suffered together with all damages, liquidated damages, attorneys' fees, costs and interest and such other legal and equitable relief as this Court deems just and proper in an amount in excess of that required for diversity jurisdiction pursuant to Section 1332 of Title 28 of the United States Code.

**RESPECTFULLY SUBMITTED THIS 3rd DAY OF MAY, 2016.**

HAMMONS, GOWENS & HURST

*(signature)*

Mark E. Hammons, OBA No. 3784
Amber L. Hurst OBA No. 21231
HAMMONS, GOWENS, HURST & ASSOC.
325 Dean A. McGee Avenue
Oklahoma City, Oklahoma 73102
Telephone: (405) 235-6100
Facsimile: (405) 235-6111
Email: amberh@hammonslaw.com
*Counsel for Plaintiff*
JURY TRIAL DEMANDED
ATTORNEY'S LIEN CLAIMED

HAMMONS, GOWENS, HURST & ASSOCIATES
ATTORNEYS AT LAW
325 DEAN A McGEE
OKLAHOMA CITY, OK 73102

**CERTIFIED MAIL**

7016 0340 0001 1669 3504



Cleveland County, Oklahoma
c/o County Clerk
210 S. Jones, Suite 210
Norman, Oklahoma 73069